FLAHERTY v. MURRAY et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

CONTRACT OF EMPLOYMENT—EVIDENCE.

Plaintiff attempted to interest the president of a trust company in the business of mortgage insurance, and the latter agreed that, if the trust company took up the business, plaintiff should have a position as general agent. The trust company refused to take up the business, but certain shareholders organized a company to transact mortgage insurance, with which plaintiff had nothing to do. *Held,* that plaintiff was not entitled to compensation for such organization as against the trust company; the fact that some of the shareholders had an interest in the mortgage company not making the trust company liable.

Appeal from trial term, New York county.

Action by Robert Flaherty against John W. Murray and the Title Guarantee & Trust Company. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, and PATTERSON, JJ.

A. S. Gilbert, for appellant.
William H. Stockwell, for respondents.

McLAUGHLIN, J. This action is brought to recover on a quantum meruit for services alleged to have been rendered by the plaintiff for the defendant in the organization and development of a domestic corporation,—the Bond & Mortgage Guarantee Company. The basis of plaintiff's alleged claim, according to his own testimony, is a conversation had in the month of May, 1890, with John W. Murray, then president of the defendant Title Guarantee & Trust Company, and vice president of the German-American Fire Insurance Company, in which he, in substance, informed Mr. Murray that he was looking for a position, and that, in order to obtain one, he desired to interest the trust company, or its directors and stockholders, in the business of mortgage insurance, and that he expected, in case of success, to be rewarded with a position in the defendant trust company, "as general agent to work up, create, and bring mortgage insurance to the company, at a salary of not less than $5,000 a year." He testified that Mr. Murray agreed with him that, if the Title Guarantee & Trust Company took up the business of mortgage insurance, he should have such a position. He did not claim that any other person connected with the trust company ever made any agreement with him, or that its board of directors took any corporate action upon the subject. The trust company did not take up the business of mortgage insurance. On the contrary, it refused to do so, although it had a right, under its charter, to enter into that business. It appeared, however, that some time after the interview with Mr. Murray some of the stockholders of the Title Guarantee & Trust Company participated in the organization of, and became interested in, the Bond & Mortgage Guarantee Company, a corporation organized for the purpose of transacting mortgage insurance business; but the plaintiff had nothing to do with the organization of that company, and it was not in fact or-

ganized until after he had made arrangements with Cary & Whit-ridge to form another company,—the Mortgage Insurance Company of New York,—to do substantially the same kind of business. There was, therefore, at the close of plaintiff's case, a complete failure of proof to support the cause of action set out in the complaint. There was not the slightest evidence that the Title Guarantee & Trust Company (and appellant's counsel conceded upon the argument that the complaint was properly dismissed as to the defendant Murray) ever employed or authorized the employment of the plaintiff for any purpose whatever, or that he ever performed any services for it, or that that company had any connection with or interest in the Bond & Mortgage Guarantee Company. The fact that some of the directors and stockholders of the Title Guarantee & Trust Company had an interest in the mortgage company could in no way render the trust company liable for the ineffectual efforts of the plaintiff to induce it to enter into the business referred to. This being the situation at the close of plaintiff's case, the trial court could do nothing but grant the defendants' motion to dismiss the complaint.

The judgment appealed from is right, and must be affirmed, with costs. All concur.